11MURRAY, J.,
dissenting with reasons.
I respectfully dissent from the majority’s partial reversal of the .trial court. I agree with the trial court’s conclusion that the language of the contract between the Times Picayune and NOPG is clear and unambiguous. The Bill of Sale recites the transfer of “all of NOPG’s rights to engage in the publication of legal advertising and all of NOPG’s right, title and interest in and to the assets, properties and rights of the Business...” and further states: “The Business includes the publication of legal advertising and notices pursuant to La. R.S. 43:140 — 43:211 or such other statutes or ordinances as may authorize or prescribe the placement of legal advertisements in publications as a requirement of law (the ‘Legal Advertising Business’).” The statutes referenced specifically include R.S. 43:201(C), thus encompassing the “Grandfather Clause Rights” previously acquired by NOPG. I agree with the trial court that, according to this language, the Times Picayune’s purchase of all rights to the business included both present and future rights to publish legal advertising.
I disagree with the deference given by the majority to the Chiasson opinion. The contractual interpretation adopted by the Chiasson court is based almost entirely on the presence of a non-competition clause in the agreement, and the court’s conclusion that the clause would have no purpose if the agreement were | ¡.interpreted as the Times Picayune urges. It is conceivable that such a clause was included as a safeguard out of an abundance of caution, as is often the case in contractual agreements, whether or not the potential for competition existed at the time. In any case, where the language of the primary agreement is clear and unambiguous, the purpose of such an ancillary clause becomes a non-issue. Accordingly, I would affirm the trial court’s judgment.